## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARK HARRELL, et al.                    :
                                        :
                                        :
        v.                              :      Civil No. CCB-11-3046
                                        :
                                        :
FREDERICK BEALEFIELD, et al.            :
                                        :
                                        :
                                        :


## MEMORANDUM

Plaintiffs Mark Harrell and Roslyn Wiggins (together, "the plaintiffs") bring this action

against several members of the Baltimore City Police Department ("the defendants"), alleging

federal § 1983 claims, violations of the Racketeer Influenced and Corrupt Organizations Act

(RICO), 18 U.S.C. § 1962, and the Maryland Declaration of Rights, and various state law tort

claims arising out of two incidents of alleged police misconduct.  Now pending are two motions

to dismiss the state law and RICO claims. For the reasons stated below, both motions will be

granted.

## BACKGROUND

As this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the following facts are

presented in the light most favorable to the plaintiffs. On September 13, 2010, Mark Harrell

("Mr. Harrell") was knocking on the front door of the home he shared with Roslyn Wiggins in

Baltimore City when Sergeant Joseph Donato ("Sergeant Donato") exited his police cruiser,

approached Mr. Harrell, and began yelling at him. (Am. Comp., ECF No. 25, ¶ 7-8.) Suddenly,

1

Sergeant Donato smashed open Mr. Harrell's and Ms. Wiggins's front door.[1] (*Id.* at ¶ 10.)

Sergeant Donato did not produce a search and seizure warrant or an arrest warrant for Mr.

Harrell. (*Id.* at ¶ 9.) Other officers then forcefully restrained and handcuffed Mr. Harrell, refusing

to inform Mr. Harrell of the charges against him. (*Id.* at ¶ 12-14.) The officers transported Mr.

Harrell to the police station, where he was held for twenty-four hours. (*Id.* at ¶ 19.) Upon his

release, Mr. Harrell was charged with disorderly conduct and loitering in a public place. (*Id.* at ¶

20.) Both charges were disposed of by *nolle prosequi* later that day. (*Id.*)

On September 16, 2010, Mr. Harrell was on McCulloh Street in Baltimore City when he

observed Sergeant Donato in a heated exchange with Mr. Harrell's cousin. (*Id.* at ¶ 34-35.) When

Mr. Harrell inquired as to the reason for the exchange, Sergeant Donato violently shoved Mr.

Harrell and Mr. Moore into his police vehicle. (*Id.* at ¶ 36.) Mr. Harrell claims that, while he was

in the vehicle, Sergeant Donato and Officer Iris Martin, along with either Officer Valentine

Nagovich or Officer William Rivera, threatened to plant an illegal substance on Mr. Harrell and

charge him with conspiracy to distribute the substance unless he gave them information

regarding an alleged murder they were investigating. (*Id.* at ¶ 39.) The officers eventually

released Mr. Harrell from the vehicle. (*Id.* at ¶ 43.) On December 9, 2010, the plaintiffs sent

notification of a claim under the Maryland Tort Claims Act by certified mail to the State

Treasurer's office.  (*Id.* at ¶ 56.)

On September 14, 2011, the plaintiffs filed a complaint in Baltimore City Circuit Court

against Baltimore City Police Commissioner Frederick Bealefeld, III, Sergeant Donato, and an

unidentified Baltimore City police officer. The case was removed to this court on October 25,

2011. The plaintiffs' amended complaint alleges violations of their federal constitutional rights

---

[1]The plaintiffs claim the damage to their front door was so severe they could not close, lock, or secure it. (ECF No. 25, ¶ 21.)

under 42 U.S.C. § 1983 (Count XI), the Maryland Declaration of Rights (Count I), the Racketeer

Influenced and Corrupt Organizations (RICO) Act (Count X), and various common law causes

of action: trespass (Count II); false arrest (Count III); false imprisonment arising out of the

September 16, 2010 incident (Count IV), malicious prosecution (Count V); assault (Count VI);

battery arising out of Mr. Harrell's September 13, 2010 arrest (Count VII); battery arising out of

the September 16, 2010 incident (Count VIII); and civil conspiracy (Count IX).  The plaintiffs

are suing Sergeant Donato and Officers Nagovich, Martin, and Rivera in their individual and

official capacity.[2]

On April 4, 2012, Sergeant Donato filed a motion to dismiss Counts I through X. Officers

Nagovich, Martin, and Rivera filed a separate motion to dismiss Counts I through X on June 5,

2012. On October 26, 2012, the plaintiffs voluntarily dismissed the RICO claim (Count X).

## ANALYSIS

### *Motion to Dismiss*

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled

allegations of the complaint as true," and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474

(4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially

aimed at assuring that the defendant be given adequate notice of the nature of a claim being

made against him, they also provide criteria for defining issues for trial and for early disposition

of inappropriate complaints."  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "The

mere recital of elements of a cause of action, supported only by conclusory statements, is not

---

[2] This court dismissed the claims against Police Commissioner Bealefeld on December 29, 2011. The plaintiffs
terminated the party known as John Doe and added Officers Nagovich, Martin, and Rivera as defendants on April
27, 2012.

sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Discussion*

The defendants claim that Counts I through IX should be dismissed because the plaintiffs did not comply with the notice requirement of the Maryland Local Government Tort Claims Act (LGTCA). The LGTCA provides that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b) (West 2009). "The notice shall be in writing and shall state the time, place, and cause of the injury." *Id.* at § 5-304(b)(2). In Baltimore City, the notice must be provided in person, or by certified mail, to the City Solicitor. *Id.* at § 5-304(c)(1)(i). The Baltimore City Police Department is included in the definition of "local government" for the purposes of the LGTCA. Md. Code Ann., Cts. & Jud. Proc. at § 5-301(d)(21) (West 2007).

"It is a longstanding principle of Maryland jurisprudence that the LGTCA notice provision is a condition precedent to maintaining an action directly against a local government or its employees." *Hansen v. City of Laurel*, 420 Md. 670, 682, 25 A.3d 122, 130 (2011). The purpose of the notice requirement is "to apprise a local government of its possible liability at a time when it could conduct its own investigation, *i.e.,* while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it." *Rios v. Montgomery Cnty.*, 386 Md. 104, 126, 872 A.2d 1, 14 (2005) (quotation marks and citation omitted). Plaintiffs must affirmatively plead compliance with the notice requirement in their complaints. *Hansen*, 25 A.3d at 131. A plaintiff who fails to plead satisfaction of the requirement "is subject to a motion to dismiss . . . based on a failure to state a claim." *Id.* at 137.

Under certain circumstances, however, "a litigant is excused from strict compliance with the notice obligation, so long as 'the purpose of the notice statute was fulfilled by substantial compliance with the statutory requirements.'" *White v. Prince George's County*, 163 Md. App. 129, 144, 877 A.2d 1129, 1137 (2005). "Substantial compliance 'requires some effort to provide the requisite notice and, in fact, it must be provided, albeit not in strict compliance with the statutory provision.'" *Id.* at 1137 (citation omitted). A tort claimant has substantially complied with the LGTCA's notice provisions "where the tort claimant provides the local government, through the unit or division with the responsibility for investigating tort claims against that local government . . . the information required by § 5-304(b)(3)" within the statutory period. *Moore v. Norouzi*, 371 Md. 154, 178, 807 A.2d 632, 646-47 (2002). "[W]hen the notice does not apprise the proper officials that the Plaintiff is pursuing a claim, there is not substantial compliance." *Bibum v. Prince George's County*, 85 F. Supp. 2d 557, 564 (D. Md. 2000).

Turning to the present case, the plaintiffs neither strictly nor substantially complied with the LGTCA's notice requirement. The plaintiffs did not file notice in person or by certified mail with the Baltimore City Solicitor within 180 days of the alleged injury, as required by the LGTCA. Nonetheless, the plaintiffs argue that they satisfied the notice requirement of the LGTCA by sending the State Treasurer notification of a claim under the Maryland Tort Claims Act (MTCA) on December 9, 2010.  They claim that the MTCA is applicable because the Baltimore City Police Department is an agency of the state.

The plaintiffs' argument is unavailing. Although the Baltimore City Police Department is a state agency, city police are not defined as state personnel for the purposes of the MTCA. *Houghton v. Forrest*, 412 Md. 578, 589, 989 A.2d 223, 230 (2010) (citing Md. Code Ann. State Gov't § 12-101(a)). Rather, employees of the police department are regarded as local government employees entitled to the protection and immunity provided by the LGTCA. *Id.* at 231 (citing Md. Code Ann. Cts. & Jud. Proc. § 5-301(d)(21)) (the LGTCA "expressly applies to suits against employees of the BCPD"). Because this action was against city police officers, the plaintiffs needed to comply with the LGTCA's notice requirements and not those of the MTCA.

The plaintiffs also failed to comply substantially with the LGTCA. In *Moore v. Norouzi*, the Maryland Court of Appeals held that the plaintiffs substantially complied with the LGTCA where they provided information regarding the incident to the party responsible for investigating tort claims on behalf of the local government, even though the plaintiffs expressed little intent to sue. 807 A.2d at 646-47. In contrast, here, the plaintiffs provided notice to the State Treasurer, who does not have responsibility to investigate tort claims against the Baltimore City Police Department. Because notice "[did] not apprise the proper officials" that the plaintiffs were pursuing a claim, there was not substantial compliance. *Bibum*, 85 F. Supp. 2d at 564.

The plaintiffs also claim to have satisfied the LGTCA's notice requirements by filing an internal affairs complaint on September 16, 2010. In affirmatively pleading compliance with the requirements in their complaint, however, the plaintiffs do not mention an internal affairs complaint, *see Hansen*, 25 A.3d at 131, nor do they even refer to it in their statement of facts. Regardless, filing an internal affairs complaint, unless it was filed with the City Solicitor and provided notice of tort claims, would not constitute compliance with the LGTCA. *See Wilbon v. Hunsicker*, 172 Md. App. 181, 198-99, 913 A.2d 678, 689 (2006). ("Statement of Incident" did not satisfy LGTCA because it was submitted to Civilian Review Board and not City Solicitor, and because it provided notice of an occurrence of alleged brutality, not notice of tort claims arising out of that occurrence); *White*, 877 A.2d at 1139 (I.A.D. complaint that pertained to allegation of police brutality and not to tort claims arising from such conduct did not meet LGTCA's notice requirements).

Finally, the plaintiffs argue that the defendants have not been prejudiced by their late filing. Section 5-304(d) of the LGTCA states that "unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given." Before a court analyzes whether the defendant has been prejudiced, however, plaintiffs should establish good cause.[3] *See Hargrove v. Mayor & City Council*, 146 Md. App. 457, 468, 807 A.2d 149, 155 (Md. Ct. Spec. App. 2002); *White*, 877 A.2d at 1141. Here, as in *Hargrove*, the plaintiffs make no showing of good cause for their failure to comply with the LGTCA's notice requirements.

---

[3] Good cause exists when a claimant prosecutes a claim "with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Heron v. Strader*, 361 Md. 258, 271, 761 A.2d 56, 63 (2000) (quotation marks and citation omitted). Judges have discretion to determine whether good cause for waiver of the LGTCA's notice requirement is present. *Id.*

Because the plaintiffs have failed to comply strictly or substantially with the LGTCA, and have not shown good cause for such failure, both motions to dismiss Counts I-IX of the complaint will be granted.

A separate order follows.

March 7, 2013                                                    _____/s/_____
Date                                                            Catherine C. Blake
                                                               United States District Judge