IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARK HARRELL, *et al.*,

   *Plaintiffs*,

v.

JOSEPH DONATO, *et al.*,

   *Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION NO.: 11-CV-03046

## PLAINTIFFS' STATUS REPORT

1. Status of Discovery:

   a. Defendants' provision of discovery responses is incomplete and deficient:

(1) Nagovich's first and woefully incomplete discovery responses first received **1-20-14, after the close of discovery and after Defendants' summary judgment motion and hearing**

(2) Defendants' and BPD's failure to produce all discovery regarding the sustained IID findings for claims made during the period set forth in Judge Grimm's order but for which the final determination occurred after the date of the original subpoena to BPD and

(3) Defendants filing of "supplementary" discovery responses on Jan. 20, 2014, which were grossly deficient in form and substance and which change substantive answers previously provided, foreclosing all opportunity to explore by deposition or further document requests.

   In each of these supplementary responses, Defendants failed to address their obligation to comply with Judge Grimm's discovery order of 12-10-12: to provide all IID files regarding sustained complaints on false arrest, excessive force, warrantless arrests and warrantless searches, etc.

This Order required Defendants and BPD to respond to Plaintiffs' discovery and produce regarding the sustained complaints for complaints filed within three years prior and after this event which involved complaints similar to the case at bar (excessive force, entry without a warrant, warrantless searches, false arrest). In addition to subpoenae issued to BPD, Plaintiffs served interrogatories and request for production of documents requiring this same information of each Defendant. Each Defendant refused to answer based upon their "pending motion to quash", however that motion has been denied. The Defendants self limited this production to those few cases for which the ruling had occurred prior to the date that the subpoena was served on the BPD. There was no such restriction in the Court's order and such restriction would clearly not apply to the Defendants' discovery.

In the supplementary discovery received after the Defendants' argument for Summary Judgment, **Defendant Donato has changed his answer to now admit that he has been removed from duty as a result of sustained IID complaints**. Defendant has refused to produce the investigative file and all information regarding the complaint or complaints which resulted in this determination

Discovery Deficiencies:

**Defendant Nagovich**, through Counsel, claimed he had filed for bankruptcy and thus demanded a stay as to all proceedings, including his obligation to respond to discovery. The Court granted a stay as to all proceedings. Throughout the entire discovery period, Defendant Nagovich steadfastly refused to produce any discovery: his response consisted of stapling this Honorable Court's stay order to Plaintiffs' request. This was severely prejudicial to Plaintiffs, who request to have discovery re-opened to explore the discovery which Nagovich could offer as to each of his co-Defendants. Nagovich is central to the Defendants' allegation of "good cause"

as it is Nagovich whom Donato claims "saw" the black bag inside the doorway. Donato claims this vision by Nagovich justified the Defendants' warrantless breaking down of the door and entry and search of the Plaintiffs' home. Notwithstanding this stay, after the conclusion of the deadline for discovery, having given Plaintiffs' Counsel and the Court no information about the resolution of the alleged bankruptcy proceedings, Defendant Nagovich then moved for summary judgment, claiming there were no facts elicited from him to indicate his liability.

**Defendants Donato, Rivera and Martin**: Each has failed to respond to the interrogatory, document request and admission request regarding sustained IID findings. Notwithstanding Plaintiffs good faith attempts to obtain these records directly from their Counsel and from Counsel for BPD, each has failed to do so and the supplementary response filed by Defense Counsel is not curative.

Nagovich Bankruptcy Status: At the hearing on Defendants' Motion for Summary Judgment, Counsel for Nagovich was less than clear as to the status of the bankruptcy, it now being over a year since same was allegedly pending but "believed that such may have been resolved". We still do not know if and when the bankruptcy case has ended. Defendant Nagovich has provided no discovery- for his answer, he merely stapled a copy of this Court's order issuing him a stay. It was improper for Defendant Nagovich to use the alleged pendency of the bankruptcy proceeding to deprive Plaintiffs of his IID records, his discovery responses and the opportunity to depose him during the discovery period and then emerge to claim entitlement to summary judgment and to use Plaintiffs' compliance with this Honorable Court's order to deprive Plaintiffs of information and a chance to depose him as to the co-Defendants.

    b. Plaintiffs' provision of discovery is complete.

    2. Amendments to Pleadings:

a. At the December hearing, Defendants' Counsel claimed confusion as to Mr. Harrell's incarceration on 9-16, therefore, Plaintiffs are filing a request for leave to amend in order to specifically list this same incarceration as was set forth in Plaintiff Harrell's interrogatory response, in his deposition testimony and reflected in his document production.

b. Plaintiff Harrell's document production has included the copy of the "green" property bag from Central Booking dated 9-16, reflecting his presence in custody on that date.

c. Defendants refer to a document which they mailed to this Honorable Court following the summary judgment hearing regarding the 9-16 arrest, however Plaintiffs' file does not reflect that Defendants provided a copy of this information to Plaintiff- the only mailing received from Defense Counsel is the 1-24-14 discovery from each Defendant.

3.      Pending      Motion      for      Summary      Judgment:

a. Defendant Nagovich's motion for Summary Judgment and that of all co-Defendants must be denied as unfairly prejudicial in view of Defendant's refusal to provide any facts in discovery until after argument on Defendants' summary judgment motion.

As Defendant Nagovich has made himself unavailable for discovery throughout the discovery period and as his testimony and evidentiary responses are material and relevant to the liability and lack of good faith defense of each of his co-Defendants, Plaintiffs must be allowed a discovery period to pursue the complete responses of the Defendant Nagovich.

b. It is improper for the co-Defendants to silence Nagovich throughout the entire discovery period by virtue of Nagovich's counsel's claim of a bankruptcy stay, then fail to advise the Court when the need for the stay has ended, and only admit during argument on Defendants' motion for summary judgment that Nagovich's bankruptcy case may have actually ended and discovery may be due.

c. Defendants' motion for summary judgment must be denied as the Defendants were ordered to provide, but failed to provide, the IID findings which resulted in the Defendants' removal from duty due to disciplinary reasons, nor have any of the Defendants provided the supplementary information required. A motion to compel is being prepared to obtain the discovery regarding the later determinations on the claims filed during the prescribed period for which all IID sustained claims were to be provided.

3. The case will take five trial days before a Jury.

4. Resetting of Settlement conference- The Defendants were unprepared and had failed to obtain the appropriate conference with the authorizing parties before the last scheduled settlement conference on 8-6-13. All parties were advised that such would be reset after the determination of dispositive motions and at that time, the Court advised that Defendants should have previously submitted this matter to the parties responsible for settlement authority. Following the ruling upon Defendants' Summary Judgment Motion, a settlement conference should be scheduled with the mandate that the Defendants bring their authorizing party with them to the conference.

5. The matters which will be pending in the next three weeks before this court from the Plaintiff:

   i. Motion to compel BPD for production of sustained findings

   ii. Motion to Compel/ insufficiency re: discovery provided 1-20-14 from Def. Nagovich, Martin, Donato (admitting removal from BPD as sanction for Donato's actions, but failing to provide file, facts or evidence) and Rivera regarding "revised" answers, production of sustained files from IID.

   iii. Request for leave to amend to specify incarceration/ central booking 9-16

Respectfully submitted,

/s/

Rhonda Framm, Esq.
Fed. Bar No. 77
10451 Mill Run Circle
Suite 1050
Owings Mills, MD 21117-5577
410-654-3399
Attorney for Plaintiffs

Certification of Mailing

I HEREBY CERTIFY that on this 12 day of Feb. 2014, a copy of the foregoing Plaintiff's Status Report was electronically filed with the United States District Court for the District of Maryland. All Counsel of Record are being served by the Court's electronic filing system or by first-class mail, properly addressed and postage pre-paid.

/s/
Rhonda I. Framm, Esq.
Fed. Bar No. 77
Law Offices of Rhonda Framm
10451 Mill Run Circle, #1050
Owings Mills, MD 21117
410.654.3399
Attorney for Plaintiffs